UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TUFANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>Defendant. | No. 2:18-cv-03281-MCE-DB<br><br>**ORDER** |

By way of this putative automobile insurance class action, Plaintiff contends that his insurer, State Farm, was required to pay both repair costs and the diminution in value to his vehicle following a collision with a fellow State Farm insured. The Court dismissed Plaintiff's original Complaint for failure to state a claim, ECF No. 18, after which Plaintiff timely filed a First Amended Complaint ("FAC"), ECF No. 19. Defendant has now moved to dismiss that FAC as well. ECF No. 22. For the following reasons, Defendant's Motion is GRANTED without further leave to amend.[1]

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

## ANALYSIS[2]

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan

---

[2] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

The Court dismissed Plaintiff's original Complaint for failure to state a claim, explaining:

> Plaintiffs first-party claims fail because they are precluded by the express policy language and the applicable case law.  See, e.g., Carson v. Mercury Ins. Co., 210 Cal. App. 4th 409 (2012); Copelan v. Infinity Ins. Co., 728 Fed. Appx. 724, 726 (9th Cir. 2018).  Nor are Plaintiffs third-party claims viable because he has not alleged any basis on which he may pursue a direct action against Defendant.  Plaintiff has also not alleged any of

3

his fraud-based claims with the requisite particularity as he has not identified any false or misleading statements.

Minute Order, ECF No. 18.  Plaintiff's FAC, which is nearly identical to his original Complaint, fails to rectify these defects.  The claims in the FAC again run directly contrary to the applicable law, and Defendant's Motion is thus GRANTED on the same grounds previously identified by the Court.[3]

## CONCLUSION

For the reasons just stated, Defendant's Motion to Dismiss (ECF No. 22) is GRANTED without further leave to amend.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  May 13, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] The Court has reviewed Plaintiff's newly added claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq.  Plaintiff was granted leave to amend his Complaint as to the claims already raised, but adding a new claim exceeds the scope of the Court's prior Order.  Regardless, this new claim fails for the same reasons as Plaintiff's remaining claims (i.e., Plaintiff has identified no predicate acts to support this cause of action and it is not pled with the requisite particularity).